FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2008 JUL 15 P 1: 27

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| CITIGROUP INC., a New York corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   1:08cv727 |
| v. | ) ) | CmH / TCB |
| CHEN BAO SHUI, an individual, and <CITYBANK.ORG>, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Citigroup Inc. ("Citigroup"), by and through its undersigned counsel, brings its

Complaint against Defendant Chen Bao Shui ("Shui") seeking relief pursuant to 15 U.S.C. §

1125(d)(1) for Shui's bad-faith use and registration of the domain name <citybank.org> (the

"Infringing Domain Name"). In the alternative, Plaintiff also seeks redress through an *in rem*

civil action pursuant to 15 U.S.C. § 1125(d)(2) against the domain name <citybank.org>.

## SUMMARY OF ACTION

1.      This is an action brought pursuant to the Anticybersquatting Consumer Protection

Act, 15 U.S.C. § 1125(d)(1). Plaintiff is the owner of the CITI and CITIBANK trademarks (the

"CITI Marks") and is the leading provider of financial services in the United States and

throughout the world. Citigroup, which is based in New York, operates its Internet banking

through such domain names as <citi.com>, <citibank.com>, and <citibankonline.com>. Plaintiff

has spent substantial sums advertising the CITI Marks. Notwithstanding Plaintiff's rights to the

CITI Marks, and despite having no legitimate reason to do so, Defendant Shui registered and is

using the Infringing Domain Name in connection with the promotion of financial services in

direct competition with Plaintiff. Shui's use of the CITI Marks in a confusingly similar domain name for a competitive service offered to an overlapping customer demographic constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

2.      In the alternative, Plaintiff brings this as an *in rem* action under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2), for injunctive and other relief relating to the bad-faith registration and use of the Infringing Domain Name, namely, <citybank.org>, individually and collectively, which is also named as a Defendant in this Complaint.

## THE PARTIES

3.      Citigroup Inc. is a Delaware corporation having its principal place of business at 399 Park Avenue, New York, New York 10022.

4.      Upon information and belief, Defendant Shui is a resident of China and is the registrant of record of the Infringing Domain Name. A true and correct copy of the WHOIS record for the Infringing Domain Name is attached hereto as **Exhibit 1**.

5.      Defendant <citybank.org> is an Internet domain name that Defendant Shui registered through Rebel.com Corp., and by virtue of its <.org> top level domain extension, resides with the Public Interest Registry <.org> registry maintained in Reston, Virginia. A true and correct copy of the WHOIS record for <pir.org> showing the location of the .org registry is attached hereto as **Exhibit 2**.

## JURISDICTION AND VENUE

6.      By registering the <.org> Infringing Domain Name, which resides in the Public Interest Registry located in Reston, Virginia, Shui has purposefully availed himself of the benefits of doing business in Virginia by transacting business in this Commonwealth.

2

7.     Further, Shui has directed his business activities toward Virginia because the websites to which the Infringing Domain Name resolves feature content that may be purchased or used by consumers located in Virginia.  True and correct copies of the various websites to which the Infringing Domain Name resolves are collectively attached hereto as **Exhibit 3**.[1]

8.     In addition, this Court has *in rem* jurisdiction over the Infringing Domain Name under 15 U.S.C. § 1125(d)(2)(C).

9.     This Court has subject matter jurisdiction under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d).

11.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 1125(d)(2)(C) because the *res, i.e.,* the Infringing Domain Name, is presently located in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Famous Marks

12.     Plaintiff Citigroup is a world-renowned financial services company that owns an extensive family of famous trademarks and service marks comprised of or featuring the CITI Marks.

13.     Among other applications and registrations, the mark CITI, U.S. Reg. No. 1,181,467 (incontestable status), was registered on December 8, 1981 for "financial services including consumer and commercial lending, credit card services, real estate services, investment and advisory services and providing venture capital to others."  A true and correct copy of the

---

[1] When the Infringing Domain Name is accessed, it resolves to a webpage that offers various financial services and click-through hyperlinks, which, for example, include advertisements for "Citicard Credit Cards" at <creditcards.com>, "Citi Credit Cards" at <creditcards.com>, and "Citibank" at <citybank.org> (this link appears to refresh the advertisement page).  Upon subsequent navigation to the Infringing Domain Name (or simply refreshing the webpage), the webpage refreshes with a different assortment of many of the same financial service advertisements.

Trademark Registration Record as maintained by the United States Patent and Trademark Office for the CITI mark, U.S. Registration Number 1,181,467, is attached as **Exhibit 4**.

14.     Likewise, the mark CITIBANK, U.S. Reg. No. 691,815 (incontestable status), was registered on January 19, 1960 for "banking services," and has been in continual use since February 2, 1959. A true and correct copy of the Trademark Registration Record as maintained by the United States Patent and Trademark Office for the CITIBANK mark, U.S. Registration Number 691,815, is attached as **Exhibit 5**.

15.     In addition to rights in the U.S., the CITI Marks are applied for or registered in approximately 200 countries throughout the world.

16.     The CITI Marks represent to the worldwide consuming public the goods and services offered by Plaintiff Citigroup and its affiliates and/or licensees.

17.     Plaintiff Citigroup has made extensive use of the CITI Marks by providing its services throughout the United States and around the world.

18.     Due to the extensive use and registration of the CITI Marks around the world, the CITI Marks have become famous.

**<u>Defendant Shui's Bad-Faith Registration of the Infringing Domain Name</u>**

19.     Subsequent to Plaintiff's use or registration of the CITI Marks in the United States, and without Plaintiff's consent or the sanction of any court of law's ruling that Shui owns any rights whatsoever to exploit the CITI or CITIBANK brand for commercial use, and without the benefit of any common law trademark or service mark rights or ownership of registrations for CITI or CITIBANK in any form, Shui registered the Infringing Domain Name with Rebel.com Corporation.

20.     The Infringing Domain Name is a top level domain name ending in <.org>, and as such, it is located with the Public Interest Registry in Reston, Virginia.

21.     As set forth below, without any legal basis, statutory or otherwise, for asserting rights to advertise or otherwise sell products or services in commerce in conjunction with Plaintiffs' famous CITI Marks, Defendant Shui registered the Infringing Domain Name with a bad-faith intent to profit from the goodwill and value associated with the CITI Marks.

22.     Upon information and belief, with full knowledge of Plaintiff's exclusive rights in the CITI Marks, Shui is attempting to confuse Plaintiff's customers and to divert them to the webpages represented by the Infringing Domain Name.

23.     Shui and the Infringing Domain Name have deliberately harmed, and will continue to harm, the goodwill enjoyed by the CITI Marks in the United States and abroad among virtually all consumers by creating a false association between the genuine products and services provided by Plaintiff and those associated with Defendants.

24.     Shui registered the Infringing Domain Name despite the fact that he lacks any legitimate intellectual property rights whatsoever in the CITI Marks in the United States, or in any of the other multitude of countries in which Plaintiff conducts its business.

25.     The Infringing Domain Name is virtually identical to Plaintiff's protectable CITIBANK mark. Thus, the Infringing Domain Name is confusingly similar to, and dilutive of, the famous CITI Marks – and violates Plaintiffs' exclusive trademark and service mark rights in the CITI Marks in the United States and abroad.

26.     Upon information and belief, Shui registered the Infringing Domain Name despite his actual knowledge of the CITI Marks, his acute awareness of Citigroup's long-standing existence as an international purveyor of high quality financial products and services, his

knowledge of the famousness and distinctiveness of the CITI Marks, and his knowledge that he has no intellectual property rights in any of the CITI Marks.

## COUNT I
### Cybersquatting Under the Anticybersquatting Consumer Protection Act
### Against Defendant Shui
### (15 U.S.C. § 1125(d))

27.     Plaintiff realleges and incorporates by reference paragraphs 1-26 as if fully set forth herein.

28.     The Infringing Domain Name is nearly identical, confusingly similar to, and dilutive of Plaintiff's CITI Marks, which were distinctive and/or famous at the time Shui registered the Infringing Domain Name.

29.     Shui registered, trafficked in, and/or used the Infringing Domain Name with a bad-faith intent to profit from Plaintiff's CITI Marks.

30.     Shui's registration, trafficking in, and/or use of the Infringing Domain Name has caused, and is likely to continue to cause, irreparable harm to Plaintiff's goodwill and reputation.

31.     Shui's actions were willful, and Plaintiff has no adequate remedy at law.

32.     Shui's activities as alleged herein constitute a violation of the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

33.     As a result of Shui's willful and intentional actions, Plaintiff has incurred attorneys' fees and costs.

34.     As a result of Shui's willful and intentional actions, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
### [In the Alternative]
### *In Rem* Action Under the Anticybersquatting Consumer Protection Act
### Against Infringing Domain Name <citybank.org>
### (15 U.S.C. § 1125(d)(2))

35.     Plaintiff realleges and incorporates by reference paragraphs 1-26 as if fully set forth herein.

36.     As set forth above, and under Section 1125(d)(2)(A)(i), the Infringing Domain Name violates Plaintiff's rights in connection with the CITI Marks because the Infringing Domain Name is confusingly similar to the CITI Marks and is dilutive of the CITI Marks.

37.     Shui owns no trademark rights in, and no trademark registrations for, the CITI Marks in the United States or elsewhere.

38.     Shui's continued registration and/or use of the Infringing Domain Name with a bad-faith intent to profit constitutes a violation of both 15 U.S.C. § 1125(d)(1) and 1125(d)(2), which protects the owner of U.S. trademarks and prohibits the registration of Internet domain names that are confusingly similar to any trademark, or dilutive of any famous trademark.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Citigroup, Inc. respectfully requests that this Court enter an order for Plaintiff and against Defendants as follows:

(a)     Defendant Shui and his respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and all others in privity or acting in concert with him be preliminarily and permanently enjoined from:

(i)     Using, linking to, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Name or any other domain name

or trademark or service mark that incorporates, in whole or in part, Plaintiff's CITI Marks;

(ii)   Using false representations or descriptions in commerce or using false designations of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Shui with Plaintiff, or as to the origin, sponsorship, or approval of Defendant Shui's services by Plaintiff;

(iii)   Otherwise infringing Plaintiff's CITI Marks; and

(iv)   Unfairly competing with Plaintiff or otherwise injuring its business reputation in any manner;

(b)   Defendant Shui be ordered to transfer the Infringing Domain Name <citybank.org> to Plaintiff;

(c)   Defendant Shui be required to pay to Plaintiff statutory damages in an amount not less than $100,000 pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

(d)   Defendant Shui be ordered to pay Plaintiff its attorneys' fees and costs;

(e)   Plaintiff be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

CITIGROUP, INC.

Dated: July 15, 2008

One of Its Attorneys

Marc J. Leipzig (VA Bar No. 39788)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1200
McLean, VA  22102
Tel:  (703) 749-1300
Fax:  (703) 749-1301

and

Paul D. McGrady, Jr. (*pro hac vice* pending)
Jeffery P. Dunning (*pro hac vice* pending)
Jason B. Elster (*pro hac vice* pending)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

*Attorneys for Plaintiff Citigroup, Inc.*