IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CITIGROUP, INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0727 |
| ) | |
| CHEN BAO SHUI, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Declaration in Support of Request for Attorney's Fees and Costs. On February 24, 2009, this Court granted Plaintiff's motion for summary judgment and awarded Plaintiff relief including reasonable attorney's fees and costs. On March 10, 2009, Plaintiff filed a Bill of Costs and a Declaration in Support of Request for Attorneys' Fees. Defendant has not filed any opposition to Plaintiff's submission.

Plaintiff was granted summary judgment on its claim that Defendant registered and used a domain name in violation of the Anticybersquatting Consumer Protection Act. 15 U.S.C.A. § 1125(d) (2006)("ACPA"). In granting summary judgment, this Court found that Plaintiff was entitled to reasonable attorney's fees under section 1117(d) of the ACPA. 15 U.S.C.A. § 1117(d) (2006). Plaintiff bears the burden of establishing that its attorney's

fees are reasonable. Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)("the burden rests with the fee applicant to establish the reasonableness of a requested rate.") (cited in Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The Fourth Circuit has instructed this Court to be guided by twelve factors when determining the reasonableness of hours expended and rate charged. Robinson, 560 F.3d at 243 (citing Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)). Those factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. (hereinafter the "Barber factors"). "Any award must be accompanied by detailed findings of fact with regard to the factors considered." Id. at 226.

This exercise creates what courts call a lodestar figure. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). After the lodestar figure is determined, this Court should subtract fees for unsuccessful claims unrelated to any successful claims, and "award some percentage of the remaining amount, depending on the degree of success enjoyed by the Plaintiff." Robinson, 560 F.3d at 244.

Plaintiff seeks reimbursement for a total of 167.2 hours expended by the attorneys and staff of the law firm Greenberg Traurig, LLP, on behalf of Plaintiff's claim in this case. This figure is comprised of work hours expended by the firm's partners Paul D. McGrady, Jr., and Steven J. Wadyka, and of-counsel attorney Janet S. Hajek whose billable rates ranged from $380 to $505 per hour; the firm's associates Jason B. Elster, Jeffrey P. Dunning, Precious Murchison, and Marc Leipzig whose billable rates ranged from $230 to $445 per hour; and, the firm's paralegals Maria Scavo and Laura A. Cappello whose billable rates ranged from $185 to $210 per hour. Attorneys in the firm began billing work to Plaintiff's matter in June 2008 and the invoices submitted for reimbursement end with the month of January 2009.

This case involved a domain name owned by Defendant who is a foreign national not living in the United States.

The work conducted by Plaintiff's attorneys included conducting research on the ACPA, drafting a complaint based on

3

this research, and since this case involved a foreign national defendant, establishing the requirements of service of process under the Hague Convention. The attorneys prepared a discovery plan and drafted interrogatories and admission. Finally, the attorneys spoke with one another, shared legal research findings, and discussed with Plaintiff the strategy of its case as it progressed.

This Court considers the following Barber factors: it appears to this Court that Plaintiff's attorneys expended a reasonable amount of time and labor on Plaintiff's matter. Specifically, the attorneys employed the labor of 2 partners, 1 of-counsel attorney, 4 associates, and 2 paralegals. This team of attorneys and staff spent, on average, 20 hours per month over a span of eight months, with work hours increasing during the months immediately prior to Plaintiff's filing a motion for summary judgment in this Court. While the novelty and difficulty of this ACPA claim are not great, a case like this does require some amount of skill and expertise in the area of trademark law and the procedural requirements of the ACPA. Often, as in this case, an ACPA claim involves a defendant from whom recovery is difficult to obtain. This factor must be considered by this Court when addressing the opportunity costs to the attorneys in pressing this litigation. The customary fee for like work can only be compared to the customary fee charged by like-sized firms

with similar experience working in this jurisdiction. For the 167.2 hours billed on this matter, Plaintiff's attorneys charged a total of $57,894.50. This Court agrees with Plaintiff's attorneys that the fee charged is in accord with the fee charged by other similarly-sized firms with experience practicing in the Eastern District of Virginia. It is unclear what the attorneys' expectations were at the outset of this litigation. It is clear that ACPA claims can be unpredictable in nature due to the fact that defendants are often difficult to locate and attorneys must adjust to shifting jurisdiction (in rem or in personum), international service of process, and other variables unique to protecting trademarks from infringement by foreign parties. On the issue of time limitations imposed on the attorneys seeking a fee in this case, this Court will consider that the circumstances of this case incurred the time limitations of the ACPA and the local rules in the Eastern District of Virginia. Regarding amount in controversy and results obtained, this Court found that Defendant's infringement of Plaintiff's marks was so deliberate, willful, and performed in bad faith as to merit a statutory award to Plaintiff of $100,000. The experience and ability of the firm that worked on this case are sound, and the firm's reputation is positive. There is no evidence that this case was "undesirable" within the legal community in which the suit arose. The nature and length of the relationship between attorney and client

appears to be positive and of some duration. Finally, attorney's fees awarded in similar cases have been commensurate with the fees submitted in this case.

After considering these Barber factors, this Court has established a lodestar figure of $57,894.50. Since Plaintiff prevailed on its claim and was awarded the full statutory amount allowable, this Court sees no reason to diminish this lodestar figure.

Plaintiff also submitted an invoice of costs in the amount of $1,171.89. This cost figure is comprised of Westlaw, Lexis and Pacer research fees, and court filing and delivery fees. This Court finds that these costs are reasonable.

Upon full review of the attorney's fees and cost invoices, this Court awards Plaintiff the amount of $59,066.39.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August 18, 2009